UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTONIO VALAZQUEZ ROMAN,

      Plaintiff,

v.                                  Case No:   6:14-cv-809-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## MEMORANDUM OF DECISION

Antonio Valazquez Roman (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his applications for disability insurance benefits and supplemental security income. Doc. No. 1. Claimant argues the Administrative Law Judge (the "ALJ") erred by: 1) exclusively relying on the Medical Vocational Guidelines (the "Grids") in determining he is not disabled; 2) finding he could communicate in English; and 3) failing to fully and fairly develop the record. Doc. No. 18 at 8-12, 15-17, 19-21. Claimant argues the matter should be reversed and remanded for further proceedings. *Id*. at 24-25. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

### I.    STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.     ANALYSIS.**

Claimant argues the ALJ erred by exclusively relying on the Grids in determining he is not disabled.  Doc. No. 18 at 8-12.  At step five of sequential evaluation process, the ALJ uses the claimant's residual functional capacity ("RFC"), age, education, and work experience to determine if claimant can perform other work in the national economy that is available in significant numbers. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).[1]  The Commissioner bears the initial burden at step five to demonstrate claimant can perform other work in the national economy.  *Id*. at 1241 n.10 (citing *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996)).  "After the ALJ identifies alternative work, the burden shifts to the claimant to demonstrate that he is unable to

---

[1] A claimant's RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

perform those jobs." *Williams v. Barnhart*, 140 F. App'x 932, 936 (11th Cir. 2005) (per curiam) (citing *Phillips*, 357 F.3d at 1239).[2]

"There are two avenues by which the ALJ may determine whether the claimant has the ability to adjust to other work in the national economy." *Phillips*, 357 F.3d at 1239. First, the ALJ may apply the Grids, found in 20 C.F.R. part 404, subpart P, appendix 2. *Id.* at 1239-40. Second, the ALJ may consult a vocational expert ("VE") by posing hypothetical questions to the VE to establish whether someone with the claimant's impairments would be able to find employment. *Id.* at 1240. The Grids are:

> [A] series of matrices which correlate a set of variables – the claimant's residual functional capacity (*i.e.*, the ability, despite impairments, to do sedentary, light, etc. work), age, educational background, and previous work experience. Upon the entry of a set of these variables into the appropriate matrix a finding of disabled or not disabled is rendered.

*Gibson v. Heckler*, 762 F.2d 1516, 1520 (11th Cir. 1985) (per curiam). An ALJ may not exclusively rely on the Grids if either of the following circumstances exist: 1) the claimant is unable to perform a full range of work at a given residual functional level; or 2) the claimant has nonexertional impairments that significantly limit basic work skills. *Phillips*, 357 F.3d at 1242 (internal quotations omitted). Thus, the first circumstance prohibits the ALJ from exclusively relying on the Grids when the claimant's exertional limitations prevent the claimant from performing unlimited types of work at the given exertional level. *Id.*[3] If the ALJ concludes the claimant can perform a full range or unlimited types of work at the given exertional level despite

---

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

[3] Exertional limitations are limitations on a claimant's ability to meet the seven (7) strength demands of sitting, standing, walking, lifting, carrying, pushing, and pulling at the level required by the level of work at issue. 20 C.F.R §§ 404.1569a(b), 416.969a(b).

any exertional limitations, then the ALJ must next determine whether the claimant's nonexertional limitations affect the claimant's ability to secure employment at the given work level in the national economy. *Id*. at 1242-43.[4] In making this finding, the ALJ must determine whether the claimant's nonexertional limitations significantly limit the claimant's basic work skills – that is, whether the claimant's nonexertional limitations prohibit the claimant from performing "a wide range of work at a given work level." *Id*. at 1243. If the ALJ determines the claimant's nonexertional limitations do not significantly limit his or her basic work skills at the given work level, then the ALJ may rely on the Grids to determine if the claimant is disabled. *Id*.

At step four of the sequential evaluation process, the ALJ determined Claimant has the RFC to perform "sedentary work" as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following nonexertional limitations:

> The claimant is occasionally able to climb ramps, stairs, ropes, and scaffolds, as well as balance, stoop, kneel, crouch and crawl. The claimant should avoid concentrated exposure to extreme cold and humidity. The claimant should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation and hazards such as machinery and unprotected heights.

R. 21.[5] Based on this RFC, the ALJ determined Claimant could not perform his past relevant work. R. 25. At step five of the sequential evaluation process, the ALJ exclusively relied on the Grids in determining Claimant is not disabled, explaining:

---

[4] Nonexertional limitations affect a claimant's ability to meet the other demands of jobs and include mental limitations, pain limitations, and all physical limitations that are not included in the seven strength demands. 20 C.F.R §§ 404.1569a(c), 416.969a(c). Postural limitations (*i.e.*, stooping, climbing, crawling, crouching, kneeling, and balancing) and environmental limitations (*i.e.*, restrictions that result in inability to tolerate some physical feature of work settings that occur in certain industries or types of work, such as an inability to tolerate dust or fumes) are considered nonexertional limitations. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e).

[5] The ALJ found Claimant "is able to lift, carry, push and pull up to ten pounds." R. 21. Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

> When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations (SSRs 83-12 and 83-14). If the claimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decisionmaking (SSR 85-15).
>
> If the claimant had the residual functional capacity to perform the full range of sedentary work, considering the claimant's age, education, and work experience, a finding of "not disabled" would be directed by Medical-Vocational Rules 201.25/201.26.
>
> However, the additional limitations cited above have little or no effect on the occupational base of unskilled sedentary work.

R. 26. Thus, the ALJ concluded the Grids directed a finding that Claimant is not disabled because the "additional limitations" previously discussed in his decision have little or no effect on the occupational base of sedentary work. *Id*.

The ALJ concluded Claimant, in addition to the functional limitations associated with sedentary work, suffered from several nonexertional limitations. R. 21. Despite these limitations, the ALJ, in conclusory fashion, found "the additional limitations cited above have little or no effect on the occupational base of unskilled sedentary work." R. 26. The Commissioner argues the ALJ's finding is supported by substantial evidence, and thus the ALJ committed no error by exclusively relying on the Grids at step five. Doc. No. 18 at 13-14. However, the ALJ's conclusory finding is not supported by substantial evidence because the ALJ failed to provide any explanation or analysis as to why the nonexertional limitations contained in his RFC determination, which are not included in the definition of sedentary work, do not significantly limit Claimant's basic work skills. *See Owens v. Comm'r of Soc. Sec.*, 508 F. App'x 881, 884 (11th Cir. 2013) (per curiam) (finding materially similar statement lacking "sufficient clarity to allow a

reviewing court to determine that the proper legal analysis was conducted"); *Freeman v. Comm'r of Soc. Sec.*, Case No. 6:14-cv-1275-ORL-22JSS, 2015 WL 6438750, at \*6 (M.D. Fla. Oct. 22, 2015) (similar).[6]

The Commissioner argues each of the nonexertional limitations at issue have little effect on the occupational base for sedentary work. Doc. No. 18 at 13-14 (citing SSR 85-15, 1985 WL 56857, at \*8 (1985); SSR 96-6p, 1996 WL 374185, at \*7-8 (1996)). The Commissioner's argument is unavailing as it seemingly views the impact of each nonexertional limitation on the occupational base for sedentary work in a vacuum. Doc. No. 18 at 13-14. The ALJ must considered the combined effect of claimant's nonexertional impairments on his or her ability to perform "a wide range of work at a given work level." *See Phillips*, 357 F.3d at 1242-43. It may be the nonexertional limitations in the ALJ's RFC, together, prohibit Claimant from performing a wide range of sedentary work. While the Commissioner argues that this is not the case, the ALJ's conclusory finding prohibits the Court from conducting a meaningful review of the issue. Accordingly, remand is necessary for the ALJ to either provide a more detailed explanation as to whether the nonexertional limitations not otherwise included in the definition of sedentary work preclude Claimant from performing a wide range of sedentary work, or, if necessary, to obtain testimony from a VE.[7]

---

[6] The Commissioner argues *Owens* is distinguishable based on the differing nature of the nonexertional impairments at issue in *Owens* (*i.e.*, postural and mental limitations) and in this case (*i.e.*, postural and environmental limitations). Doc. No. 18 at 14. However, the undersigned relies on *Owens* for the proposition that an ALJ's conclusory determination that nonexertional impairments "have little or no effect" on the occupational base of a given level of work "lacks sufficient clarity to allow a reviewing court to determine that the proper legal analysis was conducted." *Owens*, 508 F. App'x at 884.

[7] This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, — F. App'x —, 2015 WL 5166045, at \*3 (11th Cir. Sept. 4, 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

### III. <u>CONCLUSION</u>.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);

2. The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 19, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Robert D. Marcinkowski
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32807-9801